THE CITY OF MEXICO. (CURTIS and others, intervening, etc.)

*(District Court, D. Florida. April 19, 1886.)*

1. SEAMEN—WAGES—LEAVING VESSEL—FORFEITURE.
   Wages are not liable to forfeiture for leaving a vessel, by direction of a consular agent, on account of a report made by them as to the character of the voyage, and protest against proceeding.

2. SAME—ACTS OF CONSUL.
   Seamen cannot be held responsible for the action of a consul when they have truly reported the facts of a case, although the final decision may not sustain his action.

3. SAME—ILLEGAL VOYAGE—KNOWLEDGE OF SEAMEN.
   Where seamen have been ignorant of the character of an illegal voyage, and innocent of knowingly participating in the wrong, their wages will be paid, although the vessel may be forfeited.

Forfeiture. Petitioners in person.

*G. Bowne Patterson*, for the City of Mexico.

*L. W. Bethel*, Dist. Atty., for the United States.

LOCKE, J. This vessel being libeled for forfeiture, and in charge of the marshal, and the time for which the crew had shipped having expired, they have intervened by petition for their wages; and, although the main case has not been heard, it is deemed important that the question should be determined without delay.

It is admitted that the petitioners shipped at the dates and the rates of wages alleged, but it is claimed, in defense, that the vessel was proceeding upon a legitimate voyage, and it was but the unfounded timidity and suspicions of the crew that caused them to make such representations to the consul at St. Andrews and give such evidence, as led to the seizure of the vessel. It is also charged that they deserted the ship, and refused to proceed after she had cleared for Kingston, and was about to continue the voyage; that since they left the ship they have rendered no beneficial service to the owners, nor has it been in their power to discharge them, as the master has been under arrest, and the ship in charge of officers of the government.

The evidence shows that the crew, being satisfied by the declarations, conversations, and conduct of the passengers on board, and the control they had over the vessel, that they were engaged in an illegal voyage, made a formal protest to the consular agent at St. Andrews against proceeding, who ordered them ashore, and an investigation was had, under oath, before the consul, which resulted in the crew's being sent on board again, and his advising the seizure of the vessel, which was made, and she brought into port, and libeled for forfeiture. Upon her arrival she was placed in quarantine, where she was detained some time, since which the petitioners have remained on board attending to their regular duties.

The ancient maxim that "freight is the mother of wages" does not hold good to the extent that the pay of the seamen should depend upon the profits of the voyage, nor the benefits arising to the owners. Where the contract of shipment and performance of the service is proven, it is for the claimants of the vessel to show that the wages were never earned, or were forfeited. A desertion, to forfeit wages, must be unjustifiable and inexcusable. It must be a voluntary, intentional abandonment of the vessel, and so adjudged by the master, and entered in the log-book. There appears no such desertion in this case; the leaving of the vessel was upon the advice, and by the direction or order, of the consul. It is the duty of consuls and consular agents to listen to complaints of seamen, and, when they appear reasonable, investigate them, and take such action as the case may demand. After the matter has been fairly submitted to a consul, and the facts truthfully stated, public policy forbids that a seaman should be held responsible by the forfeiture of his wages if, upon a final hearing, the decision of the consul should not be sustained; especially where the vessel is charged with a violation of law in proceeding on an illegal voyage. In order to justify the granting of wages as against a forfeiture, in such a case, the seaman must be ignorant of the character of the voyage, and innocent of any participation in the wrong; and he cannot be held accountable for the positive correctness of his surmises or suspicions before he can make them known to the officer whom it is his duty to inform. In this case the seamen's wages can neither depend upon the earnings of the voyage, nor upon the propriety of the action of the consul and seizing officer, even if the facts should be considered insufficient to justify a forfeiture. The payment of wages must be considered as a portion of the damages necessarily attendant upon the seizure, the settlement of which will depend upon the final determination of the main case. When the seamen are ignorant of the character of the voyage, and innocent of any illegal participation in it, although the vessel may be liable to forfeiture, their wages will be paid in preference to the claim of the government.

Let judgment be entered for the amounts proven.